# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 17-799V**

**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ASHOK PAHWA,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 2, 2021

Decision by Proffer; Damages; Influenza ("Flu"); Shoulder Injury Related to Vaccine Administration ("SIRVA")

*Isaiah R. Kalinowski*, Maglio Christopher and Toale, PA Washington, DC, for Petitioner
*Althea W. Davis*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On June 14, 2017, Ashok Pahwa ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that he suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the influenza ("flu") vaccination he received on September 16, 2015. *See* Proffer at 1, ECF No. 61; *see also* Pet.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On May 21, 2021, I issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation under the Act for his SIRVA injury. ECF No. 55.

Respondent filed a proffer on September 2, 2021 (ECF No. 58), agreeing to issue the following payments:

1. A lump sum payment of **$30,000.00** paid in the form of a check to Petitioner.

This amount represents all elements of compensation for all damages, including pain and suffering that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $30,000.00, in the form of a check payable to Petitioner, Ashok Pahwa**. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

| | | |
|---|---|---|
| ASHOK PAHWA, | ) | |
| | ) | |
| Petitioner, | ) | No. 17-799V |
| | ) | Special Master |
| v. | ) | Katherine E. Oler |
| | ) | ECF |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 14, 2017, Ashok Pahwa ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that he suffered adverse effects including a left shoulder injury following administration of an influenza vaccine on September 16, 2015. Petition at 1-2. On May 21, 2021, Special Master Oler issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his shoulder injury related to vaccine administration ("SIRVA").[1] *See* Ruling on Entitlement (ECF #55).

### I.      Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded **$30,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's May 21, 2021 entitlement decision.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment of $30,000.00 in the form of a check payable to petitioner.[2]

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

 s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515
Althea.Davis@usdoj.gov

DATED:   September 1, 2021

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.